**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Hubert Dean Moore, Jr. aka H Dean Moore aka Dean Moore<br>AnneMarie Fletcher-Moore fka AnnMarie Fletcher<br><div align=center>Debtors</div><br>U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust<br><div align=center>Moving Party</div><br>vs.<br><br>Hubert Dean Moore, Jr. aka H Dean Moore aka Dean Moore<br>AnneMarie Fletcher-Moore fka AnnMarie Fletcher<br><div align=center>Debtors</div><br>Kenneth E. West<br><div align=center>Trustee</div> | CHAPTER 13<br><br>NO. 21-11984 AMC<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    As of August 8, 2024, the post-petition arrearage on the mortgage held by Movant on Debtors' residence is **$4,794.86**. Post-petition funds received after August 8, 2024, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | July 2024 through August 2024 at $2,397.69, each |
| Suspense Balance: | ($0.52) |
| **Total Post-Petition Arrears:** | **$4,794.86** |

2.    The Debtors shall cure said arrearages in the following manner:

a). Beginning September 2024 and continuing through January 2025, Debtors shall pay the present regular monthly payment of **$2,397.69** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$799.15** towards the arrearages on or before the last day of each month, with a final installment payment of **$799.11** due February 2025, at the address below:

<div align="center">Fay Servicing, LLC<br>PO Box 814609<br>Dallas, TX 75381-4609</div>

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3.      Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5.      If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7.      The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8.      The parties agree that a facsimile signature shall be considered an original signature.

9.      The prior stipulation approved on March 22, 2022, remains in full force and effect.


Date:   August 9, 2024            By: /s/ Denise Carlon
                                     Denise Carlon, Esquire
                                     Attorney for Movant


Date: August 22, 2024           /s/ Joseph L Quinn
                                     Joseph L Quinn
                                     Attorney for Debtors

                                     No Objection
Date: August 23, 2024           /s/ LeeAne O. Huggins
                                     Kenneth E. West
                                     Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2024.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan